OPINION OF THE COURT
Simons, J.
The issue presented is whether charges in a local criminal court may be prosecuted by a sufficient long-form information after a prior simplified information, charging the same offenses, has been dismissed for failure to supply the supporting depositions required by CPL 100.25 (2).
Defendant was charged by simplified traffic information with driving while intoxicated and various other traffic infractions. At arraignment she demanded that the People supply supporting depositions and when they failed to do so, the trial court granted her motion to dismiss the information (see, CPL 100.40 [2]; 170.30 [1] [a]; 170.35 [1] [a]). On the same day the People served and filed a long-form information executed by the arresting officer and charging the same offenses. Defendant orally moved to dismiss the new information, asserting that the charges were barred by the previous dismissal. Her *104 motion was denied and she pleaded guilty to driving while intoxicated and failure to keep right (see, Vehicle and Traffic Law § 1192 [3]; § 1120 [a]). On appeal, County Court agreed with defendant that reprosecution was foreclosed by the prior dismissal and therefore reversed the convictions and dismissed the information. We now reverse and reinstate the judgment of conviction.
The simplified information is a statutory creation designed to provide an uncomplicated form for handling the large volume of traffic infractions and petty offenses for which it is principally used. It need not provide on its face reasonable cause to believe defendant has committed the offense (see, People v Key, 45 NY2d 111, 115-116; see also, People v Boback, 23 NY2d 189). For purposes of this appeal, it may be noted that a simplified traffic information is sufficient if it complies with the form required by the Commissioner of Motor Vehicles (see, Vehicle and Traffic Law § 207; 15 NYCRR part 91).
Because a simplified information provides only limited information, a defendant arraigned upon a charge contained in such an instrument may request, and is entitled as of right, to a supporting deposition by the complainant, police officer or public servant. If the defendant makes no request, the right to a supporting deposition is waived and prosecution may proceed on the original instrument. If a timely request for a supporting deposition is made, the failure to supply one renders the simplified information insufficient on its face (CPL 100.40 [2]) and subjects it to dismissal upon motion (CPL 170.35 [1] [a]; 170.30 [1] [a]).
The short answer to whether prosecution can be renewed on a facially sufficient information following such a dismissal is that it may because the Criminal Procedure Law does not prohibit it (see, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 170.30, at 65; Preiser, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 100.25, 1991 Cum Ann Pocket Part, at 13; Pitler, New York Criminal Practice under the CPL § 8.16, at 411). Moreover, the history on the subject makes it clear that the Legislature did not intend to foreclose reprosecution of nonfelony charges when the information is dismissed for legal insufficiency.
At common law a prosecutor was not barred from resubmitting charges against a defendant; the only limitation on repeated prosecution was the constitutional protection against *105 double jeopardy (see, People v Cade, 74 NY2d 410, 414; People v Wilkins, 68 NY2d 269, 273; People ex rel. Flinn v Barr, 259 NY 104; see generally, 22 CJS, Criminal Law, § 222 [1989]). For many years, however, matters of criminal procedure have been regulated by the Legislature and, it has deemed it necessary to limit the People’s power to resubmit charges to prevent prosecutorial abuses (see, People v Cade, 74 NY2d 410, 414, supra; see also, CPL 190.75 [3]; 210.20 [4]). Thus, the former Code of Criminal Procedure contained various provisions in which the Legislature expressly barred reprosecution of both felony and misdemeanor charges following a dismissal (see, former Code Crim Pro §§ 327, 673). When the Criminal Procedure Law replaced the Code in 1970, however, the Legislature chose to treat dismissals of indictments separate from dismissal of informations and misdemeanor complaints (see, People v Douglass, 60 NY2d 194, 204; compare, CPL 210.20, with 170.30). When it did so, the provisions of the Code prohibiting reprosecution were transferred to CPL 210.20 (4), a section dealing exclusively with the dismissal of an indictment without the enactment of a similar provision prohibiting the reprosecution of charges contained in a dismissed information (see, CPL 210.20 [4]; Historical Note to subd [4] [former Code Crim Pro §§ 320, 327, 665, 673], McKinney’s Cons Laws of NY, Book 11A, CPL 210.20, at 48; CPL 170.30 [1] [a]).
The Legislature undoubtedly was aware of prior restraints on reprosecution when it enacted the Criminal Procedure Law because it expressly addressed dismissals based on legal insufficiency with respect to indictments in section 210.20 (4) (see, People v Osgood, 52 NY2d 37, 45, n 2 [comparing, CPL 210.20 (4), with 170.30 (1) (a)]). Nevertheless, it failed to include a similar bar for informations dismissed on those same grounds pursuant to CPL 170.30 (1) (a). We conclude, therefore, that the different treatment accorded indictments and informations in the statute manifests the Legislature’s intention to permit reprosecution for nonfelony charges when the information' is dismissed for legal insufficiency (see, Pajak v Pajak, 56 NY2d 394, 397, citing McKinney’s Cons Law of NY, Book 1, Statutes § 74; Pitler, New York Criminal Practice under the CPL § 8.16, at 411).
Nor is double jeopardy a bar to the refiling of the charges against defendant since "reprosecution is permitted whenever a dismissal has been granted on motion by defendant, so long as the dismissal does not constitute an adjudication on the facts going to guilt or innocence.” (See, People v *106 Key, 45 NY2d 111, 117, supra.) Here, the simplified information was dismissed for legal insufficiency and thus reprosecution for the same charges was proper absent some statutory bar.
Accordingly, the order should be reversed and the judgment of the Stockton Town Court reinstated.
Chief Judge Wachtler and Judges Kaye, Alexander, Ti-tone, Hancock, Jr., and Bellacosa concur.
Order reversed, etc.