OPINION OF THE COURT
Frank J. LaBuda, J.
Defendant appeals his conviction for passing a red light in the Village of Liberty Justice Court following a nonjury trial.
The People take no position.
Defendant was charged with passing a red light by simplified information on July 5, 2009.
Defendant demanded, in writing, a supporting deposition on August 21, 2009.
On October 26, 2009, two months after his demand and without having received the supporting deposition, defendant submitted a motion to dismiss in writing.
On November 28, 2009 the Liberty village police officer, one month after defendant’s motion to dismiss, filed a long form information with the Justice Court.
On January 21, 2010, approximately three months after submission, the Village Justice denied defendant’s motion to dismiss.
On March 5, 2010 defendant received by mail a notice to appear on March 25, 2010 from the Justice Court. Said notice was for the purpose of ‘‘Appearance/Pre-Trial Conference.”
Defendant appeared in the Village of Liberty Justice Court on March 25, 2010. He was thereon served with the long form information. After being denied an adjournment to hire an attorney he was forced to participate in a nonjury trial. Defendant was found guilty of passing a red light and he now appeals.
There can be no question that the Village Justice herein committed numerous errors. The conviction of defendant must be overturned and all accusatory instruments dismissed.
First, defendant demanded a supporting deposition from the village police officer, in writing, and he was never served with said deposition. The Village Justice mistakenly denied the motion based on People v Nuccio (78 NY2d 102 [1991]). Defendant’s written motion to dismiss should have be granted. (See People v Aucello, 146 Misc 2d 417 [App Term, 2d Dept 1990].)
Second, the Village Justice mistakenly allowed the village police officer to file a long form information with the Justice *829 Court while an accusatory instrument (the simplified information) was still pending based upon People v Nuccio (78 NY2d 102 [1991]).
People v Nuccio (supra) stands for the proposition that a defendant may be prosecuted in a local criminal court by a sufficient long form information after a prior simplified information, charging the same offense(s), has been dismissed for failure to supply a timely supporting deposition required by CPL 100.25 (2).
The fact that a police officer may file a long form information after a simplified information has been dismissed for failure to serve a timely supporting deposition is not a basis to deny a defendant’s properly máde motion to dismiss the simplified information.
Lastly, the Village Justice served a notice of appearance on the defendant for March 25, 2010 as a pretext to lure the defendant to the Village of Liberty so the village police officer could effectuate personal service of the illegally filed long form information. The Village Justice, after service, and presumably arraignment, of the long form information, denied defendant his right to an adjournment to obtain an attorney. Defendant was immediately forced to participate in a nonjury trial. The interest of justice is not served by allowing such behavior on the part of the Village Justice.
Based upon the above, it is ordered, that the conviction against the defendant for passing a red light is vacated, and it is further ordered, that the original simplified instrument charging the defendant with passing a red light is dismissed, and it is further ordered, the long form information charging the defendant with passing a red light is dismissed, and it is further ordered, posted bail, if any, shall be returned to the bailor forthwith.