OPINION OF THE COURT
Michelle A. Armstrong, J.
The defendant moves, pro se, for dismissal of the simplified information as defective on two grounds: (1) facial insufficiency; and (2) failure to provide the requisite notice of entitlement to request a supporting deposition in conformance with CPL 100.25 (4) and 150.10 (2). For the reasons set forth below, the defendant’s motion is denied in all respects.
The defendant is charged with conducting a regulated activity in a tidal wetland without a permit from the New York State Department of Environmental Conservation (hereinafter NYS-DEC) in violation of Environmental Conservation Law § 25-0401 (1). The accusatory instrument alleges, in pertinent part, that on or about July 15, 2012, at 3:00 p.m., at 1 Bayview Avenue, County of Queens, the complainant, Police Officer Mathis, of NYSDEC, observed the defendant
“constructing a dock in the tidal wetland without a permit from the NYSDEC to do so. Section 25-0401 (1) of the ECL states that no person shall erect any structures in a tidal wetland without a permit from DEC. The area in which the dock was erected lies below tidal waters.”
*223 Facial Sufficiency
A simplified information is a statutory creation designed to provide an uncomplicated form for handling large volumes of petty offenses (People v Nuccio, 78 NY2d 102 [1991]). It is sufficient on its face when it substantially conforms to the requirements prescribed by the commissioner of motor vehicles, the commissioner of parks and recreation, or the commissioner of environmental conservation, as the case may be (CPL 100.40 [2]; 100.25 [1]). Unlike the long form misdemeanor information, a simplified environmental conservation information, being in brief or simplified form, must designate the offense or offenses charged, but need not contain factual allegations establishing reasonable cause to believe the charged offense was committed (CPL 100.10 [2] [c]; People v Nuccio).
Environmental Conservation Law § 25-0401 authorizes the NYSDEC to regulate activities occurring in or around tidal wetland areas. It provides, in relevant part, that with respect to any tidal wetland, “no person may conduct any of the activities set forth in subdivision 2 of this section unless he has obtained a permit from the commissioner to do so” (ECL 25-0401 [1]). Subdivision (2) of the statute sets forth the specific regulated activities for which a NYSDEC permit is required (ECL 25-0401 [2]). Included amongst the conduct regulated by the statute is “the erection of any structures or roads [in a tidal wetland] . . . whether or not changing the ebb and flow of the tide” {id.). The statute clearly provides that such activity, in and of itself, requires a permit issued by the regulatory authority. Additionally, the statute contains a catchall clause which prohibits the commission of “any other activity within or immediately adjacent to inventoried wetlands which may substantially impair or alter the natural condition of the tidal wetland area” (ECL 25-0401 [2]). This latter clause evinces a clear legislative intent to regulate not only the specific activities proscribed therein, but also any other activity which potentially impairs or alters the tidal wetland area.
Defendant erroneously contends that the mere construction of a dock without a NYSDEC permit does not violate the statute unless the structure erected substantially impairs or alters the natural condition of the tidal wetland area. Defendant further posits that the simplified information is defective because it fails to set forth any facts establishing reasonable cause that the tidal wetland area was substantially impaired or altered by construction of the dock. Defendant’s arguments are *224 misguided. A plain reading of the statute makes clear that the act of erecting a structure (i.e., a dock) in a tidal wetland area, without more, requires a permit from the regulatory agency irrespective of whether such structure impairs or alters the wetland area. Accordingly, defendant’s motion to dismiss the simplified information on the ground of facial insufficiency is denied.
Notice of Right to Supporting Deposition
The defendant next moves for dismissal on the ground that the simplified information is defective because it did not contain the form statement set forth in CPL 100.25 (4) and 150.10 (2) advising him of his absolute right to have a supporting deposition served upon him. A review of the simplified information filed in this case reveals that it does not contain the notice of entitlement to a supporting deposition language as required by CPL 100.25 (4) and 150.10 (2). However, the absence of such form language does not render the accusatory instrument facially insufficient. Because a simplified information generally contains only limited factual information to support the charges contained therein, Criminal Procedure Law § 100.25 (2) provides that
“[a] defendant charged by a simplified information is, upon a timely request, entitled as a matter of right to have filed with the court and served upon him, or if he is represented by an attorney, upon his attorney, a supporting deposition of the complainant police officer or public servant, containing allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense or offenses charged. . . . Upon such a request, the court must order the complainant police officer or public servant to serve a copy of such supporting deposition upon the defendant or his attorney, within thirty days of the date such request is received by the court, or at least five days before trial, whichever is earlier, and to file such supporting deposition with the court together with proof of service thereof.” (See also CPL 150.10 [2].)
Hence, if the defendant does not make a timely request, the right to have a supporting deposition is waived and the prosecution may proceed on the simplified information (People v Nuccio). Conversely, if defendant makes a timely request for a supporting deposition, failure to supply one within the time allotted by statute renders the simplified information facially insuf *225 ficient {id.-, CPL 100.40 [2]), and subject to dismissal upon motion {id.; CPL 170.35 [1] [a]; 170.30 [1] [a]). However, no similar statutory provision applies for failure to provide notice of the entitlement to receive a supporting deposition.
The legislature amended Criminal Procedure Law § 100.25 (2), effective October 20, 1996, to mandate the inclusion of form language, on the face of the simplified information appearance ticket, which advises a defendant of his/her right to request a supporting deposition detailing the factual allegations underlying the charges contained in the accusatory instrument and the time allotted to do so (L 1996, ch 67, §§ 2, 3). By such amendment, the legislature intended to foreclose a defendant’s future claims of ignorance regarding the timeliness of a request for the supporting deposition and resultant waiver of right to receive one (see People v Gomez, 25 Misc 3d 1235[A], 2009 NY Slip Op 52422[U] [2009]). As such, the failure to include such form language on the simplified information appearance ticket merely serves to extend the defendant’s time to make a timely request to receive one until he/she first appears in court for arraignment on the accusatory instrument {id.).
Moreover, although not statutorily required to do so, the simplified information filed in this case did, in fact, contain detailed factual allegations to support the charges contained therein which gave the defendant sufficient notice to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense (see People v Casey, 95 NY2d 354, 360 [2000]; People v Konieczny, 2 NY3d 569 [2004]). Accordingly, defendant’s motion to dismiss the accusatory instrument on this ground is also denied.
For the aforementioned reasons, defendant’s motion to dismiss the simplified information as facially insufficient is denied in all respects.