OPINION OF THE COURT
Stephen D. Aronson, J.
This case holds that a supporting deposition that is insufficient on its face because it is not signed by the arresting officer cannot be amended beyond the 30-day window for service of a supporting deposition.
The defendant was arrested on March 13, 2014 for driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2) and (3), and he was ticketed for insufficient taillights in violation of Vehicle and Traffic Law § 375 (2) (a) (3). He appeared in court without counsel on March 26, 2014 when the People voluntarily served him with a supporting deposition on the driving while intoxicated charges. The supporting deposition was insufficient on its face as it was not signed by the arresting officer. On May 13, 2014, the defendant’s attorney served a demand requesting a supporting deposition “on each simplified information filed in this matter.” The People responded on or about June 5, 2014 by providing the same unsigned supporting deposition on the driving while intoxicated charges. On or about July 1, 2014, the defendant moved to dismiss the accusatory instruments and alleged: “there simply is no deposition at all in that the so-called ‘deposition’ is unsigned by the arresting officer and therefore provides no sworn facts of an evidentiary nature to support the crime charged as required by the CPL.” On or about July 7, 2014, the People filed and served an amended supporting deposition on the driving while intoxicated charges containing the officer’s signature.
In words or substance, the defendant contends that: the People initially voluntarily served an insufficient supporting deposition on the driving while intoxicated charges; the same insufficient supporting deposition was served following the defendant’s demand; the People have never served a supporting deposition on the insufficient taillight charge; 30 days have *738 expired since the demand for a supporting deposition; and, as a result, the accusatory instruments must be dismissed pursuant to CPL 170.30 (1) (a); 100.25 and 170.35 (1) (a).
In words or substance, the People contend that: the defense counsel’s demand for a supporting deposition was made “some fifty days” after the defendant’s first appearance and is thus time-barred as not being requested within 30 days of the defendant’s first appearance; and the simplified information, properly sworn and subscribed by the arresting officer, forms the legal basis for the misdemeanor prosecution; or in the alternative, any defect in the supporting deposition (failure of arresting officer to sign) was cured by the filing of an amended supporting deposition (signed by the arresting officer).
The defendant replied that he has up to 90 days from the first appearance to demand a supporting deposition under CPL 100.25 (3).
Analysis
The simplified information is a statutory creation designed to provide an uncomplicated form for the handling of the large volume of traffic infractions and petty offenses for which it is principally used (People v Nuccio, 78 NY2d 102, 104 [1991]). A simplified traffic information is sufficient if it complies with the form required by the Commissioner of Motor Vehicles (id.). A defendant arraigned upon a charge contained in a simplified information may request a supporting deposition by the arresting officer and is entitled to one as of right (id.). If a timely request for a supporting deposition is made, the failure to supply one renders the simplified information insufficient on its face (CPL 100.40 [2]) and subjects it to dismissal upon motion (CPL 170.35 [1] [a]; 170.30 [1] [a]). If the defendant makes no request for a supporting deposition, the right to a supporting deposition is waived and prosecution may proceed on the original instrument (People v Nuccio at 104).
To be timely, a request for a supporting deposition must be made before entry of a plea of guilty to the charge and before commencement of trial but not later than 30 days after the defendant is directed to appear in court upon the simplified information (CPL 100.25 [2]), except that when one of the charges is a misdemeanor, the court may, upon motion of the defendant, for good cause shown and consistent with the interest of justice, permit the defendant to request a supporting deposition beyond the 30-day request period but not later than 90 days from the *739 date the defendant was initially directed to appear (CPL 100.25 [3]).
The defendant’s attorney requested a supporting deposition in his discovery demand dated May 13, 2014, about 48 days after the defendant’s initial appearance. The People made no objection to the request for a supporting deposition although the demand was untimely by about 18 days. The People thereafter responded to the demand by sending the unsigned supporting deposition to the defendant’s attorney. The same unsigned supporting deposition was served upon the defendant at his arraignment. Under these circumstances, the supporting deposition was clearly insufficient, and the simplified information should be dismissed (CPL 170.35 [1] [a]).
The People sought to file and serve an amended supporting deposition (containing the arresting officer’s signature) within about six days after the defendant’s motion to dismiss. A defective simplified information may not be dismissed but must instead be amended where the defect or irregularity is of a kind that may be cured by amendment and where the People move to so amend (CPL 170.35 [1] [a]). No such statutory authority exists to amend a supporting deposition. The failure to provide a supporting deposition renders the simplified information insufficient on its face and subjects it to dismissal (People v Nuccio at 104). Therefore, the driving while intoxicated informations are hereby dismissed. Also, since no supporting deposition was filed and served relating to the insufficient taillight charge, this charge must also be dismissed.
Finally, this dismissal is without prejudice to a prosecution by long-form prosecution (People v Nuccio).