The People of the State of New York, Respondent,
against
Daria N. Epakchi, Appellant.



Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Paul Senzer, J.H.O.), rendered April 17, 2014. The judgment, after a nonjury trial, convicted defendant of failing to stop at a stop sign. The appeal from the judgment of conviction brings up for review an order of the same court (Allen S. Mathers, J.H.O.) dated March 27, 2014 denying defendant's motion to dismiss the simplified traffic information.




ORDERED that the judgment of conviction is reversed, as a matter of discretion in the interest of justice, the order denying defendant's motion to dismiss the simplified traffic information is vacated, defendant's motion is granted, and the fine, if paid, is remitted.
Defendant was charged in a simplified traffic information with failing to stop at a stop sign (Vehicle and Traffic Law § 1172 [a]). Prior to trial, the District Court granted defendant's motion and dismissed the simplified traffic information based upon the People's failure to respond to defendant's request for the complaining officer's supporting deposition (see CPL 100.25, 100.40 [2]). Thereafter, a new simplified traffic information was filed, charging defendant with the same traffic violation based upon the same incident. By written motion, defendant moved to dismiss the instant simplified traffic information. By order dated March 27, 2014, the District Court (Allen S. Mathers, J.H.O.) denied the motion. Following a nonjury trial, the District Court (Paul Senzer, J.H.O.) convicted defendant of the charged offense.
This court has consistently reversed judgments of conviction, as a matter of discretion in the interest of justice, where, absent special circumstances warranting the reprosecution of a defendant, the People had proceeded to trial on a refiled accusatory instrument, after an earlier simplified traffic information, charging the same offense based upon the same incident, had been dismissed for failure to serve the defendant with a requested supporting deposition (see CPL 100.25, 100.40 [2]; People v Meisels, 31 Misc 3d 143[A], 2011 NY Slip Op 50873[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; People v Rathgeber, 23 Misc 3d 130[A], 2009 NY Slip Op 50653[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; People v Berger, 16 Misc 3d 133[A], 2007 NY Slip Op 51498[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]; People v Rosenfeld, 163 Misc 2d 982, 983 [App Term, 2d Dept, 9th & 10th Jud Dists 1994]; People v Aucello, 146 Misc 2d 417 [App Term, 2d Dept, 9th & 10th Jud Dists 1990]; cf. People v Nuccio, 78 NY2d 102 [1991]). No special circumstances have been shown to exist in this case so as to warrant defendant's reprosecution. A ruling to the contrary "would defeat the very purpose of CPL 100.40 (2), disregard the interest of judicial economy, and erode the confidence [*2]of the public in the criminal justice system" (Rathgeber, 23 Misc 3d 130[A], 2009 NY Slip Op 50653[U], at *2 [internal citations omitted]). In light of the foregoing, we need not reach defendant's remaining contentions.
Accordingly, the judgment of conviction is reversed, the order denying defendant's motion to dismiss the simplified traffic information is vacated, and defendant's motion is granted.
Garguilo, J.P., Iannacci and Brands, JJ., concur.
Decision Date: June 23, 2016