The People of the State of New York, Respondent,
against
Herman Wagschal, Appellant.




Herman Wagschal, appellant pro se.
Monroe Village Prosecutor, (Robert M. Rametta), for respondent.

Appeal from a judgment of the Justice Court of the Village of Monroe, Orange County (Forrest Strauss, J.), rendered March 9, 2016. The judgment convicted defendant, after a nonjury trial, of failing to stop at a stop sign. The appeal from the judgment of conviction brings up for review the denial, on March 9, 2016, of defendant's motion to dismiss the simplified traffic information.




ORDERED that the judgment of conviction is reversed, on the law, the order denying defendant's motion to dismiss the simplified traffic information is vacated, defendant's motion is granted, and the fine and surcharge, if paid, are remitted.
Defendant was charged, in a simplified traffic information, with failing to stop at a stop sign (Vehicle and Traffic Law § 1172 [a]), on May 20, 2015 at 3:57 p.m., at the intersection of Franklin Avenue and Forest Avenue in the Village of Monroe, Orange County. Prior to the commencement of trial, defendant moved to dismiss the simplified traffic information based upon the complaining officer's failure to provide a requested supporting deposition, contending that he had mailed to the court the traffic ticket which he had received from the officer whereon he indicated that a supporting deposition had not been provided to him when the ticket had been issued and that he was requesting a supporting deposition. After hearing testimony on the matter, the Justice Court denied the motion, finding that a supporting deposition had been served on defendant by the complaining officer contemporaneously with his issuance of the ticket to defendant. Following a nonjury trial, defendant was convicted of the charge.
When a defendant is charged in a simplified traffic information with a Vehicle and Traffic Law violation and makes a timely request for a supporting deposition, he is entitled, as of right, to receive a "supporting deposition of the complainant police officer . . . containing allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause [*2]to believe that the defendant committed the offense or offenses charged" (CPL 100.25 [2]; see also People v Key, 45 NY2d 111, 116 [1978]) within 30 days of the court's receipt of his request, or at least five days before trial (see CPL 100.25 [2]). Additionally, "[u]pon such a request, the court must order the complainant police officer . . . to file such supporting deposition with the court together with proof of service thereof" (CPL 100.25 [2]). The failure to timely serve and file a supporting deposition "renders the simplified [traffic] information insufficient on its face" (CPL 100.40 [2]; see People v Ortreger, 56 Misc 3d 140[A], 2017 NY Slip Op 51094[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]), subjecting it to dismissal upon motion (see CPL 170.30 [1] [a]; 170.35 [1]; People v Nuccio, 78 NY2d 102, 104 [1991]; People v Concepcion, 55 Misc 3d 150[A], 2017 NY Slip Op 50734[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]).
While the record demonstrates that a supporting deposition had been filed with the court, it was not accompanied with any "proof of service thereof" (CPL 100.25 [2]). Consequently, under the particular circumstances of this case, the People failed to demonstrate their full compliance with CPL 100.25 (2). 
Accordingly, the judgment of conviction is reversed, the order denying defendant's motion to dismiss the simplified traffic information is vacated, and defendant's motion is granted.
GARGUILO, J.P., and RUDERMAN, J., concur.
TOLBERT, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 15, 2018