The People of the State of New York, Respondent,
against
Shahidul Islam, Appellant. 




Shahidul Islam, appellant pro se.
Nassau County District Attorney (Sarah S. Rabinowitz and Autumn Hughes of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Valerie Alexander, J.), rendered August 1, 2013. The judgment convicted defendant, after a nonjury trial, of endangering the welfare of a child and sexual abuse in the third degree, and imposed sentence. The appeal from the judgment of conviction brings up for review an order of that court (David Goodsell, J.) dated January 25, 2013 denying defendant's motion to dismiss the information on the ground that his statutory right to a speedy trial had been violated.




ORDERED that the judgment of conviction is affirmed.
On December 4, 2011, defendant was arraigned on three accusatory instruments contained in three separate docket numbers, charging him with various sexual offenses, including, insofar as relevant to this appeal, docket number 2011NA026811. The information relevant to the aforementioned docket charged defendant with forcible touching (Penal Law § 130.52), for acts taking place on May 1, 2011. On February 6, 2012, the People filed a "superseding" information which added charges to the docket based on conduct similar to that alleged in the original information, to wit, two counts of endangering the welfare of a child [*2](Penal Law § 260.10 [1]), and one count each of forcible touching and sexual abuse in the third degree (Penal Law § 130.55), for acts taking place on November 29, 2011. On March 6, 2012, defendant was arraigned on this "superseding" information.
Defendant subsequently moved to dismiss the "superseding" information on the ground that his statutory right to a speedy trial had been violated. The People opposed the motion. By order dated April 10, 2012, the District Court (Susan T. Kluewer, J.) denied the motion. By motion returnable on May 4, 2012, defendant moved to dismiss the "superseding" information on the ground that it was facially insufficient, which motion the People opposed. By order dated June 19, 2012, the District Court (Helen Voutsinas, J.) granted defendant's motion and the "superseding" information was dismissed. By motion dated July 19, 2012, the People moved for leave to reargue the June 19, 2012 order. By order dated September 17, 2012, the District Court (Helen Voutsinas, J.), upon reargument, adhered to its prior decision.
On November 9, 2012, defendant was arraigned on an information contained in docket number 2012NA025479 which charged him with two counts of endangering the welfare of a child (counts 1 and 2), forcible touching (count 3) and sexual abuse in the third degree (count 4), for acts taking place on November 29, 2011. The supporting depositions of the complainant and her mother, along with defendant's written statement, were filed with the information. It is noted that the November 2012 information contains the same charges, factual allegations, and date of occurrence, as alleged in the February 6, 2012 "superseding" information. By motion returnable on December 14, 2012, defendant moved to dismiss the November 2012 information on the ground that his right to a speedy trial had been violated. In an affirmation in support of the motion, defendant's attorney argued that the "delay caused by the People, between the date of the dismissal of this action, to the date of the newly filed charges against the Defendant, is 140 days." The People opposed the motion. By order dated January 25, 2013, the District Court (David Goodsell, J.) denied defendant's motion, finding that only 48 days of delay were chargeable to the People. Following a nonjury trial, the District Court found defendant guilty of endangering the welfare of a child (count 1) and sexual abuse in the third degree (count 4).
On appeal, defendant contends that the November 2012 "superseding" information is facially insufficient, that his statutory right to a speedy trial was violated, and that he was denied his constitutional rights to a fair trial and to confront witnesses against him. This court, on its own motion, by order dated June 6, 2019, held the appeal in abeyance, since defendant's appellate counsel had been suspended from the practice of law, and directed defendant to retain new counsel on or before July 8, 2019, or, if he decided to proceed pro se, to advise the court clerk whether he would adopt the brief filed by his former counsel or wished to file a new supplemental brief. The order further stated that in the event that defendant did not comply with these directives, the appeal would be calendared and defendant would be deemed to be proceeding pro se and to have adopted the brief filed by his former counsel. To date, defendant has not contacted the Appellate Term and, therefore, he is deemed to be proceeding pro se and to have adopted the brief filed by his former counsel.
Defendant argues that the November 2012 "superseding" information was facially insufficient because it had to be in the form of a prosecutor's information, and that the information improperly charged new offenses which were not supported by the factual allegations contained in the original information. Defendant also argues that the information was insufficient as to the date and time of the incident charged, and that the filing of the new charges violated "basic notice requirements." Contrary to defendant's argument, after the February 2012 "superseding" information was dismissed on the ground that the information was facially insufficient, the People did not have to file a prosecutor's information in order to file the charges anew; rather, they were entitled to file new charges against defendant (see People v Nuccio, 78 NY2d 102 [1991]). In Nuccio, the Court of Appeals stated (78 NY2d at 104) that:
"The short answer to whether prosecution can be renewed on a facially sufficient information following . . . a dismissal [pursuant to CPL 170.35 (1) (a)] is that it may because the Criminal Procedure Law does not prohibit it. . . . Moreover, the history on the subject makes it clear that the Legislature did not intend to foreclose reprosecution of nonfelony charges when the information is dismissed for legal insufficiency" (citations omitted).
We note that CPL 100.50, which governs "[s]uperseding informations and prosecutor's informations," does not apply to the instant case because the February 2012 "superseding" information had been dismissed on facial insufficiency grounds (see CPL 170.35 [1]) in June 2012, months before the November 2012 information was filed, and, therefore, no accusatory instrument was in existence that could have been superseded at the time the November 2012 information was filed. Consequently, the contents of the February 2012 "superseding" information are of no import in determining the facial sufficiency of the November 2012 information.
In order for an information to be facially sufficient, it, and/or any supporting depositions accompanying it, must allege nonhearsay allegations of fact of an evidentiary character that establish, if true, every element of the offense(s) charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Jones, 9 NY3d 259, 261-263 [2007]; People v Casey, 95 NY2d 354 [2000]; People v Alejandro, 70 NY2d 133 [1987]). These requirements are jurisdictional and the failure to meet these requirements may be asserted at any time, with the exception of a claim of hearsay, which, insofar as is relevant to this appeal, is waived if it is not timely raised by motion in the trial court (see People v Kalin, 12 NY3d 225 [2009]; People v Casey, 95 NY2d at 363, 364-365). The law does not require that the most precise words or phrases which most clearly express the thought be used in an information, but only that the offense(s) be alleged and the defendant be provided with sufficient notice so that he can prepare himself for trial, and so that he will not be tried again for the same offense(s) (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Konieczny, 2 NY3d 569, 575 [2004]; People v Casey, 95 NY2d at 360).
A person is guilty of sexual abuse in the third degree when he or she subjects another person to sexual contact without the latter's consent (Penal Law § 130.55). Sexual contact is [*3]defined as "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party. It includes the touching of the actor by the victim, as well as the touching of the victim by the actor, whether directly or through clothing. . . ." (Penal Law § 130.00 [3]). A "person is deemed incapable of consent when he or she is . . . less than seventeen years old" (Penal Law § 130.05 [3] [a]). "A person is guilty of endangering the welfare of a child when . . . [h]e or she knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old or directs or authorizes such child to engage in an occupation involving a substantial risk of danger to his or her life or health" (Penal Law § 260.10 [1]).
The relevant factual allegations of the November 2012 information state that, on November 29, 2011, at about 1:15 a.m., "The Defendant . . . reached over and began touching [the complainant's] [DOB 10/6/95] breasts. . . . When [the complainant] woke up she pushed defendant's hand away." The complainant's supporting deposition states, in part, that "I woke up with the feeling of someones [sic] hands on my breasts. I noticed . . . [defendant's] hands were touching my stomach." The statement that defendant gave to the police, which statement was incorporated by reference in the November 2012 information, asserts, in part, that defendant "touched [the complainant's] head and ran [his] hand down her right shoulder and on top of her right breast over her clothing [the complainant] then woke up and says that it felt like [defendant's] hand was over her body. . . . I am sorry for touching [the complainant's] breast and committing this crime." We find that the aforementioned factual allegations are of an evidentiary character sufficient to establish, if true, every element of the offenses of sexual abuse in the third degree and endangering the welfare of a child (see CPL 100.15 [3]; 100.40 [1] [c]). Moreover, the information clearly states that the incident took place "on or about November 29, 2011, at approximately 1:15 AM," at a specified address, and the complainant's supporting deposition, likewise, states that the incident occurred "[o]n the 29 day of November 2011 at about 1:15 AM." Thus, there is no merit to defendant's argument that the information was insufficient as to the date and time of the charged incident. 
The People were required to announce their readiness for trial within 90 days of the commencement of the action (see CPL 30.30 [1] [b]; see also People v Lomax, 50 NY2d 351, 356 [1980]). A "criminal action is commenced by the filing of an accusatory instrument . . . and, if more than one accusatory instrument is filed in the course of an action, it commences when the first of such instruments is filed" (CPL 1.20 [17]), and it is of no consequence that a prior accusatory instrument was dismissed as jurisdictionally defective (see People v Clayton, 39 AD3d 873 [2007]; People v Reyes, 24 Misc 3d 51, 53-54 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; see also People v Osgood, 52 NY2d 37 [1980]; People v Lomax, 50 NY2d at 358). 
On appeal, defendant argues that the People should be charged with the 143-day period from June 19, 2012 to November 9, 2012, as well as an additional 15 days for the periods from January 24, 2012 to January 31, 2012, February 6, 2012 to February 7, 2012, and February 28, 2012 to March 6, 2012.
Defendant failed to argue in the court below that the additional 15 days are chargeable to the People and, therefore, these time periods are unpreserved for appellate review (see People v Beasley, 16 NY3d 289, 292-293 [2011]), and will not be considered by this court in the interest of justice. With respect to the time period of June 19, 2012 to November 9, 2012, a review of the record indicates that, on June 19th, the District Court dismissed the February 2012 "superseding" information on the ground that it was facially insufficient. The People did not file their motion for leave to reargue until July 19, 2012 and, therefore, the 30-day time period of June 19th to July 19th is chargeable to the People. However, the time from July 19th to the court's decision on the motion, dated September 17, 2012, is excludable pursuant to CPL 30.30 (4) as time attendant to motion practice. In addition, the 18 days from October 22, 2012 to November 9, 2012—when defendant was arraigned on the November 2012 information—are chargeable to the People. Whether the People should also be charged with the 35 days from September 17th to their purported receipt of the decision on October 22nd, need not be addressed, since, in any event, less than 90 days of delay would be chargeable to the People. Consequently, the District Court properly denied defendant's motion to dismiss the information on the ground that his statutory right to a speedy trial had been violated. 
Upon a review of the record, we find no merit to defendant's contention that the District Court's evidentiary rulings deprived him of his constitutional rights to a fair trial and to confront witnesses against him. The court appropriately limited the scope of defense counsel's cross-examination of the detective and the complainant's mother whenever counsel's questions were repetitive or sought irrelevant or extrinsic evidence (see People v Pavao, 59 NY2d 282, 288-289 [1983]; People v Schwartzman, 24 NY2d 241 [1969]; see also Delaware v Van Arsdall, 475 US 673, 679 [1986]). To the extent that the court improperly precluded defense counsel from impeaching the credibility of the complainant's mother, we find that this error was harmless, since the evidence of defendant's guilt was overwhelming and there is no significant probability that the error affected the outcome of the trial (see People v Crimmins, 36 NY2d 230, 241-242 [1975]). Defendant's remaining contentions are either unpreserved for appellate review or lack merit. 
Accordingly, the judgment of conviction is affirmed.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 6, 2020