People v Zelaya (2020 NY Slip Op 51276(U))

[*1]

People v Zelaya (Alexander)

2020 NY Slip Op 51276(U) [69 Misc 3d 135(A)]

Decided on October 29, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 29, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2017-2163 S CR

The People of the State of New York,
Respondent,
against
Alexander D. Zelaya, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (Martin J. Kerins, J.H.O.), rendered October 24, 2017. The judgment
convicted defendant, after a nonjury trial, of failure to obey a traffic control device, and imposed
sentence. The appeal from the judgment of conviction brings up for review so much of an order
of that court (Allen S. Mathers, J.H.O.) dated July 12, 2016 as denied the branch of defendant's
motion seeking to dismiss the simplified traffic information charging him with failure to obey a
traffic control device.

ORDERED that the judgment of conviction is reversed, as a matter of discretion in the
interest of justice, so much of the order dated July 12, 2016 as denied the branch of defendant's
motion seeking to dismiss the simplified traffic information charging him with failure to obey a
traffic control device is vacated, that branch of defendant's motion is granted, the simplified
traffic information is dismissed, and the fine, if paid, is remitted.
In a prior action, in which defendant was charged in simplified traffic informations with
failure to obey a traffic control device (Vehicle and Traffic Law § 1110 [a]), operating a
motor vehicle without insurance (Vehicle and Traffic Law § 319 [1]) and overtaking a
vehicle on the [*2]left (Vehicle and Traffic Law § 1122 [a]),
the District Court dismissed the simplified traffic informations on the ground that the People had
failed to respond to defendant's request for supporting depositions (see CPL 100.25,
100.40 [2]). Thereafter, this action was commenced by the filing of simplified traffic
informations charging defendant with the same traffic violations based upon the same incident.
Insofar as is relevant to this appeal, defendant moved to dismiss the simplified traffic information
charging him with failure to obey a traffic control device and, in an order dated July 12, 2016, the
District Court (Allen S. Mathers, J.H.O.) denied that branch of the motion. Following a nonjury
trial, the District Court (Martin J. Kerins, J.H.O.) convicted defendant of failure to obey a traffic
control device.
This court has consistently reversed judgments of conviction, as a matter of discretion in the
interest of justice, where, absent special circumstances warranting the reprosecution of a
defendant, the People proceeded to trial on a refiled accusatory instrument, after an earlier
simplified traffic information, charging the same offenses based upon the same incident, had
been dismissed for failure to serve the defendant with a requested supporting deposition
(see CPL 100.25, 100.40 [2]; People v Epakchi, 63 Misc 3d 161[A], 2019 NY
Slip Op 50913[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; People v Meisels, 31 Misc 3d
143[A], 2011 NY Slip Op 50873[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011];
People v Rathgeber, 23 Misc 3d
130[A], 2009 NY Slip Op 50653[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009];
People v Berger, 16 Misc 3d
133[A], 2007 NY Slip Op 51498[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007];
People v Rosenfeld, 163 Misc 2d 982, 983 [App Term, 2d Dept, 9th & 10th Jud
Dists 1994]; People v Aucello, 146 Misc 2d 417 [App Term, 2d Dept, 9th & 10th
Jud Dists 1990]; cf. People v Nuccio, 78 NY2d 102 [1991]). No special circumstances
have been shown to exist in this case to warrant defendant's reprosecution. A ruling to the
contrary "would defeat the very purpose of CPL 100.40 (2), disregard the interest of judicial
economy, and erode the confidence of the public in the criminal justice system" (People v Rathgeber, 23 Misc 3d
130[A], 2009 NY Slip Op 50653[U], *2 [citations omitted]).
In light of the foregoing, we pass upon no other issue raised on appeal.
Accordingly, the judgment of conviction is reversed, so much of the order dated July 12,
2016 as denied the branch of defendant's motion seeking to dismiss the simplified traffic
information charging him with failure to obey a traffic control device is vacated, that branch of
defendant's motion is granted, and the simplified traffic information is dismissed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 29, 2020