21-1602-cv
Dale v. Biegasiewicz

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of September, two thousand twenty-two.

PRESENT:
>
> REENA RAGGI,
> RICHARD C. WESLEY,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

David Dale,

>
> *Plaintiff-Appellant*,

> v.                                                          21-1602

Deputy Joseph Raczynski, Deputy Warren Luick, Deputy Simon Biegasiewicz,

>
> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:          David Dale, pro se, Buffalo, NY.

FOR DEFENDANTS-APPELLEES:          Jeremy C. Toth, Erie County Attorney's Office, Buffalo, NY.

Appeal from an order of the United States District Court for the Western District of New York (Foschio, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 28, 2021, order of the district court is **AFFIRMED**.

Appellant David Dale, a former attorney proceeding *pro se*, sued three law enforcement officers under 42 U.S.C. § 1983 for false arrest, false imprisonment, and malicious prosecution in connection with an obstruction of governmental administration charge based on allegations that Dale evaded service of traffic citations that were being reissued for a second time.[1] Through counsel, Dale consented to proceed before a magistrate judge, who granted summary judgment to the defendants, finding that their actions were supported by probable cause. Dale now appeals the court's denial of his second post-judgment motion, in which he sought to withdraw consent to proceed before a magistrate judge and to challenge the magistrate judge's jurisdiction retroactively, to discharge counsel and to proceed *pro se*, and either an extension of time to appeal the summary judgment award or relief from that judgment pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6).[2] The Court assumes the parties' familiarity with the case.

**A.       Motion to Relieve Counsel and Proceed *Pro Se* in the District Court**

Dale argues that the district court erred in denying his motion to relieve counsel and to proceed *pro se*. To the extent that Dale wishes to proceed *pro se* on remand, this issue is moot

---

[1] Because of his legal training, Dale is not entitled to liberal construction of his *pro se* filings. *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001).

[2] Dale's notice of appeal specified that he intended to appeal only this May 2021 order; the notice was untimely as to the underlying summary judgment. Accordingly, the Court lacks jurisdiction to review that judgment and here considers only the May 2021 order. *See Gonzalez v. Thaler*, 565 U.S. 134, 147 (2012) (holding content requirements for notice of appeal in Fed. R. App. P. 3(c)(1) are jurisdictional); *Bowles v. Russell*, 551 U.S. 205, 208–09 (2007) (holding timing rules in Fed. R. App. P. 4(a)(1) are jurisdictional).

because no remand is required. As to the prior proceedings, any error in declining to relieve counsel was harmless because the district court did not decline to consider any document filed *pro se*.

**B.** **Magistrate Judge's Jurisdiction and Motion to Withdraw Consent**

Dale concedes that his attorney validly consented on his behalf to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c). Consent to the jurisdiction of a magistrate judge is valid if "all parties consent." Fed. R. Civ. P. 73(a). "Once a case is referred to a magistrate under section 636(c), the reference can be withdrawn only by the district court, and only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.'" *Fellman v. Fireman's Fund Ins. Co.*, 735 F.2d 55, 58 (2d Cir. 1984) (quoting 28 U.S.C. § 636(c)) (emphasis omitted). This Court has assumed that magistrate judges have jurisdiction to adjudicate motions to withdraw consent to their jurisdiction, *see McCarthy v. Bronson*, 906 F.2d 835, 838– 39 (2d Cir. 1990), *aff'd*, 500 U.S. 136 (1991), and Dale does not urge otherwise on this appeal.

Rather, Dale maintains that a change in representation—here from counseled to *pro se*— terminates consent, perhaps even retroactively. Dale cites no authority to support his argument, which would permit a party to evade the "extraordinary circumstances" standard by dismissing counsel whenever proceedings before a magistrate judge were not running in his favor and, thereby, to obtain an automatic re-do of the proceedings before a new judge. Precedent defeats Dale's argument because he is undeniably the "party" that initially gave consent through counsel to proceed before the magistrate judge. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962) (holding litigant bound by "acts or omissions of []his freely selected agent"); *cf. Roell v. Withrow*, 538 U.S. 580, 590 (2003) (holding that consent to proceed before magistrate judge may

3

be inferred from conduct, in part to "check[] the risk of gamesmanship by depriving parties of the luxury of waiting for the outcome before denying the magistrate judge's authority"). In short, a change in representation—even from counseled to *pro se*—is not an "extraordinary circumstance" supporting withdrawal of consent. 28 U.S.C. § 636(c).

Dale also asserts that he wishes to proceed before a district court judge because he believes a district court judge would be more likely to rule in his favor, but adverse rulings are an inherent part of adversary proceedings, not "extraordinary" events. *Id*.

**C.      Rule 60(b) Motion**

We review the denial of Rule 60 relief for abuse of discretion. *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009). Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)). Rule 60(b)(5) provides that the district court may grant relief from a final judgment where "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). The residual clause, Rule 60(b)(6), provides a remedy for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Dale offers two grounds for Rule 60(b) relief, neither of which is availing. First, Dale asserts that *People v. Zelaya*, 2020 N.Y. Slip Op. 51276(U) (N.Y. App. Term. 9th & 10th Jud. Dists. 2020), reflects an intervening change in law undermining both the defendants' authority to reissue traffic citations and (by extension) the probable cause to charge Dale with obstruction for evading service of those citations. *See Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL*

4

*Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (reconsideration "should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" (internal quotation marks omitted)). We disagree.

In *Zelaya*, the Second Department's Appellate Term for the 9th and 10th Districts reversed a conviction on reissued charges, noting that it "has consistently reversed judgments of conviction, as a matter of discretion in the interest of justice, where, absent special circumstances warranting the reprosecution of a defendant, the People proceeded to trial on a refiled accusatory instrument, after an earlier simplified traffic information, charging the same offenses based upon the same incident, had been dismissed for failure to serve the defendant with a requested supporting deposition." 2020 N.Y. Slip Op. 51276(U). This practice appears to have been, at best, a matter of discretion rather than law because in *People v. Nuccio*, 78 N.Y.2d 102, 105–06 (1991), the New York Court of Appeals held that an offense may be recharged after the dismissal of a simplified information based on the same incident for failure to timely serve a supporting deposition. In any event, *Zelaya* cannot be characterized as an intervening development in the law because, as *Zelaya* acknowledges, the policy it referenced dates back to at least the 1990s. Moreover, *Zelaya* is no longer good law. *See People v. Epakchi*, 37 N.Y.3d 39, 48 (2021) (holding, in an appeal from a decision upon which *Zelaya* relied—and mirrored its own relevant holding—that the Appellate Term lacks authority to promulgate a rule requiring "special circumstances" for traffic-offense reprosecutions "that is inconsistent with *Nuccio* and the courts' authority under the Criminal Procedure Law").

Second, Dale argues that he was entitled to Rule 60 relief because his former attorney was

ineffective in failing to file a timely notice of appeal from the judgment in this case. To the extent that circumstances resulting in the untimely filing of a notice of appeal could constitute "exceptional circumstances" warranting relief under Rule 60(b), they do not here. *Paddington Partners*, 34 F.3d at 1142. Dale affirmed that he knew about the summary judgment within six days of its entry, well before the time to appeal expired, and that he actively discussed with his attorney whether to appeal. He does not claim to have attempted to file a timely notice of appeal or instructed his attorney to do so.

**D.      Leave to File Late Notice of Appeal from Judgment**

Finally, although the magistrate judge did not expressly address Dale's renewed request for leave to file a late notice of appeal, this Court may affirm on any ground with support in the record, which here affords no basis for remand. *See Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993).

Dale's February 2021 motion sought an extension of time to appeal the October 2020 judgment, but his motion was filed well after the 60-day period expired on December 21, 2020.[3] Fed. R. App. P. 4(a)(5)(A)(i); Fed. R. App. P 4(a)(1)(A); *see also* 28 U.S.C. § 2107(a), (c). Even if the motion had been timely, it would have failed, as Dale did not argue that there was good cause, and the magistrate judge reasonably held that Dale failed to demonstrate "excusable neglect" warranting an extension for the same reasons that Dale was not entitled to Rule 60(b) relief. Fed. R. App. P. 4(a)(5)(A)(ii); *see Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366–67 (2d Cir. 2003) (explaining that "excusable neglect" is an "elastic concept . . . that is at bottom

---

[3] Dale's first motion for an extension, not presently before the Court, was also untimely.

an equitable one, taking account of all relevant circumstances surrounding the party's omission," including whether "the reason for the delay . . . was within the reasonable control of the movant" (quotation marks omitted)); *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) (observing that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect" (quotation marks omitted)).

The Court has considered all of Dale's remaining arguments and finds them to be without merit.   The May 28, 2021, order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
