People v Berkowitz (2023 NY Slip Op 50682(U))

[*1]

People v Berkowitz (Moshe)

2023 NY Slip Op 50682(U)

Decided on June 29, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 29, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY S. DRISCOLL, JJ.

2022-373 OR CR

The People of the State of New York, Appellant,
against
Moshe Z. Berkowitz, Respondent. 

Feerick Nugent MacCartney PLLC (Robert C. Zitt of counsel), for appellant.
Moshe Z. Berkowitz, respondent pro se (no brief filed).

Appeal from an order of the Justice Court of the Town of Monroe, Orange County (Audra L. Schwartz, J.), dated May 19, 2022. The order granted defendant's oral motion to, in effect, vacate his guilty plea and, upon such vacatur, to dismiss the simplified traffic informations on the ground that the People had failed to provide requested supporting depositions.

ORDERED that the order is reversed, on the law, defendant's motion to vacate his guilty plea and dismiss the simplified traffic informations is denied, and defendant's guilty plea and resulting judgment of conviction are reinstated.
Defendant was charged in two simplified traffic informations with operating a motor vehicle without being restrained by a safety belt (Vehicle and Traffic Law § 1229-c [3]) and operating a motor vehicle with a passenger in the vehicle who was not restrained by a safety belt (id.), respectively. On May 4, 2022, defendant pleaded guilty to one charge of violating Vehicle and Traffic Law § 1229-c (3) in satisfaction of both charges. The court sentenced defendant to a $50 fine and a mandatory surcharge was imposed. Upon a second call of the case, the Justice Court vacated the guilty plea and dismissed the simplified traffic informations on the ground that the People had failed to provide requested supporting depositions. The People appeal.
Pursuant to CPL 100.25 (2), "[a] defendant charged by a simplified information is, upon a timely request, entitled as a matter of right to have filed with the court and served upon him . . . a supporting deposition of the complainant police officer." If a timely request for a supporting [*2]deposition is made, the failure to supply one renders the simplified information insufficient on its face (see CPL 100.40 [2]), and subjects it to dismissal upon motion (see CPL 170.30 [1] [a]; 170.35 [1] [a];People v Nuccio, 78 NY2d 102, 112 [1991]; People v Kachalsky, 73 Misc 3d 138[A], 2021 NY Slip Op 51159[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]). Here, however, the record demonstrates that defendant pleaded guilty and was sentenced before raising a claim that he had not received a requested supporting deposition. Consequently, by pleading guilty, this claim was untimely (see CPL 170.30 [2]; 255.20 [1]) and waived (see Kachalsky, 2021 NY Slip Op 51159[U]).
Accordingly, the order is reversed, defendant's motion to vacate his guilty plea and dismiss the simplified traffic informations is denied, and defendant's guilty plea and resulting judgment of conviction are reinstated.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 29, 2023