OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The question as to whether the People have exercised due diligence in their efforts to locate or produce an informant, whose testimony may be needed by the defendant at trial (People v Jenkins, 41 NY2d 307), is essentially factual. A determination of this nature, if affirmed by the intermediate appellate court, is beyond review in this court unless the evidence is insufficient, as a matter of law, to support the finding (cf. People v Oden, 36 NY2d 382).
Here the defendant argues that the police did not exercise due diligence in their search for the informant because they did not attempt to locate him until the trial had begun. The defendant also argues that the police failed to pursue certain leads, none of which, however, were specified at the trial when the motion to dismiss or direct a further search was made. The trial court held that, under the circumstances, the police had exercised due diligence noting, in response to the defen *932 dant’s only specific objection which concerned the timing of the search, that the People had not been directed earlier to produce or retain the informer and that the police had acted promptly when the court concluded that the evidence at trial indicated that the defendant should be permitted to call the informant to testify. In light of the Appellate Division’s affirmance of that determination it cannot be said that the People failed, as a matter of law, to exercise due diligence in this particular case.