# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 92
The People &c.,
     Respondent,
   v.
Michael Bay,
     Appellant.

Kayla Hardesty, for appellant.
Patrick A. Perfetti, for respondent.
Albany County Office of the Public Defender et al., New York State Association of Criminal Defense Lawyers, The Legal Aid Society, District Attorney Association of the State of New York, Inc., amici curiae.

HALLIGAN, J.:

In 2019, the New York State Legislature enacted sweeping reforms that expanded and restructured disclosure obligations in criminal cases, effective at the start of 2020 (*see* L 2019, ch 59, § 1, pt LLL). This appeal concerns a new requirement set forth in CPL

- 1 -

article 245 that the People file a certificate of compliance (COC) with their statutory disclosure obligations (*see* CPL 245.50 [1], [3]).  Here, weeks after filing their COC, the People turned over several key discovery items that were within their possession and control and therefore subject to automatic disclosure under the recently-enacted CPL 245.20.  The defendant sought dismissal pursuant to CPL 30.30, arguing that the People were not actually ready for trial within the applicable speedy trial period because they had not exercised due diligence with respect to their disclosure obligations.  The question before us is whether the COC was improper in light of the People's belated disclosure, and whether the People's statement of readiness was therefore illusory for purposes of CPL 30.30.  Because the People failed to show they had exercised due diligence and made reasonable efforts to identify mandatory discovery prior to filing the COC, the COC was not proper when filed, and the prosecution's declaration of trial readiness was therefore illusory.

I.

On April 22, 2021, defendant Michael Bay was arrested after becoming physically aggressive toward his mother and arraigned in City Court on an information charging him with one count of harassment in the second degree (*see* Penal Law § 240.26 [1]).  Bay pleaded not guilty and was released on his own recognizance, and the case was adjourned so that Bay could obtain counsel.  At the next appearance on April 28th, City Court adjourned the proceeding until May 26th because defense counsel noted that she had not received discovery from the prosecution and the parties had yet to discuss a potential plea. The court charged the delay to the People.

On April 29th, the People provided the defense with various discovery materials: the information, a supporting deposition of Bay's mother, the mother's request for an order of protection and the ensuing order of protection, photographs of the mother's home, and a discovery compliance report. On May 4th, the People served and filed their certificate of compliance (COC), statement of trial readiness pursuant to CPL 30.30, and a discovery compliance report documenting those submissions.

At a subsequent appearance on May 26th, defense counsel told the court she had received some discovery but could not yet fully assess the case because she had not been given the 911 call or a police report. The prosecutor responded, "I just checked; the discovery, as it exists with this case, has been turned over." Defense counsel subsequently advised that Bay was not currently interested in pleading guilty and again indicated that the defense was "looking for the remaining discovery items at this time." The prosecutor asserted that "those discovery items don't exist" and that a COC had already been filed.

Later in the appearance, defense counsel reiterated that she had not received an arrest or police report. The prosecutor responded that "[the defendant] wouldn't have been arrested," to which the defense replied that "[u]sually there is some report from the police from the incident though." When the court suggested there should be a domestic incident report (DIR) given the nature of the offense charged (*see* CPL 140.10 [5]), the prosecutor explained that "procedure would call for a DIR to be filed . . . [but that] doesn't always happen." The court indicated that it did not know whether a 911 call had been made in this case and, when asked, the prosecutor stated, "Judge, there was not. I think this was reported by [the defendant's mother] after the incident."

Turning to the People's readiness declaration, the court asked the prosecutor whether "disclosure [has] been reasonably met[.]" The prosecutor replied that "we have provided all disclosure," and that the People were "unaware . . . of any evidence that hasn't been provided to the defense." The court concluded that "the People have met their burden as far as readiness goes and [ ] they're ready for trial at least based upon what's been presented today." The matter was adjourned for a nonjury trial.

Approximately one week before the anticipated trial date, defense counsel called the district attorney's office to again inquire about discovery and spoke with a different prosecutor. That prosecutor told defense counsel that the office had a police report, and that he would check on whether a 911 call had been made. Later that day, the People served the defense with a copy of the DIR and a police report, and the following day, served a duplicate recording of the 911 call and a call detail report.

The next day, on July 1st, Bay filed a motion to dismiss pursuant to CPL 30.30 (1) (d). He argued that the prosecution's failure to disclose material discoverable under CPL 245.20 meant that the COC filed on May 4th was improper, that the statement of readiness should therefore be deemed illusory and ineffective to stop the speedy trial clock, and that the 30-day speedy trial period prescribed by CPL 30.30 had expired. One day after Bay filed the motion, the People served a supplemental COC, again certifying that they had provided all known material and information subject to discovery under CPL article 245 after exercising due diligence and making reasonable inquiries.

At a July 6th appearance, the prosecutor did not dispute that the belated discovery had not been provided before the initial COC was filed, nor explain why the People had

overlooked it. He suggested that the defense's focus on the validity of the COC was misplaced, stated that Bay would face numerous other charges even if the court were to strike the COC and dismiss the violation-level offense, and contended that the People could "upgrade" a COC by making subsequent additional disclosure. The court recalled that at the May appearance, the prosecutor indicated he had provided all discovery and was not sure the other materials existed or had been filed, and stated that the court would take the prosecutor "at his word" on that point. The defense countered that the purpose of a COC is to ensure that "reasonable inquiries as to the existence of discovery have already been [made]" when the COC is filed. Ultimately, the court denied the motion to dismiss but precluded the prosecution from using the 911 recording at trial as a sanction for the untimely disclosure. The case proceeded to trial, and Bay was convicted of harassment in the second degree.

County Court affirmed, concluding that "there is nothing to suggest that the People's statement of readiness was made in bad faith or did not accurately reflect the People's position." The court characterized Bay's arguments as advocating for a rule of strict liability: that "any time supplemental discovery is provided, any prior statement of readiness by the [P]eople is illusory." That view, the court found, was not supported by CPL article 245, which contemplates additional discovery and provides that "[n]o adverse consequence to the prosecution or the prosecutor shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances," other than a discovery sanction pursuant to CPL 245.80. The court found that the defense "failed to articulate any prejudice" resulting from the late disclosure, and that "[o]n this record it is

clear that the [P]eople were unaware of the [ ] items of discovery and when made aware of their existence, the items were obtained and disclosed to the defendant within less than one day." Furthermore, the court found, "the [P]eople acted in good faith with respect to their discovery obligations under CPL 245 as well as their diligence in unearthing and disclosing additional discoverable items the same day the defense requested them."

A Judge of this Court granted leave to appeal.

II.

We begin with a brief overview of recent amendments to New York's statutory scheme governing discovery in criminal cases. Prior to the 2019 amendments, which went into effect in 2020, former CPL article 240 allowed a defendant to request various types of discovery materials from the People, who were in turn obligated to produce them "within fifteen days of the service of the demand or as soon thereafter as practicable" (former CPL 240.80 [3]). If the People failed to do so, the trial court could impose various sanctions, including allowing discovery of material not previously disclosed, granting a continuance, issuing a protective order, or prohibiting the introduction of certain evidence or testimony (*see* former CPL 240.70). Separately, CPL 30.30 required that the People be ready for trial within specific time periods that vary according to the level of offense charged. Nothing in the speedy trial statute linked CPL article 240's discovery obligations to the People's readiness for trial under CPL 30.30, as this Court recognized (*see People v McKenna*, 76 NY2d 59, 63-64 [1990], citing *People v Anderson*, 66 NY2d 529, 537 [1985]).

In 2014, the New York State Justice Task Force proposed reforms to the discovery regime in light of concerns that available discovery is "highly circumscribed" and "often comes too late to permit both sides to investigate facts fully and make informed decisions before trial" (Report of the New York State Justice Task Force of its Recommendations Regarding Criminal Discovery Reform at 5 [2014]). Requiring early and broader disclosure, the Task Force concluded, would facilitate expeditious resolution of cases and better enable defense counsel to investigate and prepare for trial (*see id.* at 3; *see also* New York State Bar Association, Report of the Task Force on Criminal Discovery at 2 [2015]). Over the next few years, the legislature considered various discovery reform bills, and in the course of doing so, legislators noted that the existing scheme necessitated extensive exchanges of discovery demands, motions, and responses, and raised concerns about the limits on disclosure and the impact of discovery delays (*see* Assembly Mem in Support of 2019 NY Assembly Bill A1431; Assembly Mem in Support of 2017 NY Assembly Bill A4360A; NY Assembly Debate on 2019 NY Assembly Bill A2009C, Mar. 31, 2019 at 336, 378, 443-444; NY Senate Debate on 2019 NY Senate Bill S1509C, Mar. 31, 2019 at 2688-2690, 2714, 2802).

In 2019, the legislature adopted significant reforms that repealed CPL article 240, enacted CPL article 245 in its place, and amended CPL 30.30, the speedy trial provision. As detailed below, CPL article 245 imposes new automatic disclosure requirements and compliance mechanisms applicable to both the prosecution and defense (*see generally* CPL 245; L 2019, ch 59, § 1, pt LLL, §§ 1, 2). To incentivize the People's compliance with these procedures, the enactments tie their discovery obligations to trial readiness under

CPL 30.30 (*see* CPL 30.30 [5]; NY Senate Debate on 2019 NY Senate Bill S1509C, Mar. 31, 2019 at 2615; *People v Gaskin*, 214 AD3d 1353, 1353-1354 [4th Dept 2023]).

CPL 245.20, titled "[a]utomatic discovery," requires disclosure to a defendant of "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control" (CPL 245.20 [1]). The statute enumerates 21 categories of material subject to disclosure (*see* CPL 245.20 [1] [disclosure obligations include, but are not limited to, these categories]), and provides that materials possessed by a New York state or local police or law enforcement agency are deemed in the People's possession for purposes of the discovery requirements (*see* CPL 245.20 [2]; *see also* CPL 245.55 [1] [prosecution must take steps to ensure "a flow of information is maintained" with "the police and other investigative personnel"]). Article 245 also sets forth time periods for disclosure: as amended in 2020, CPL 245.10 generally requires the People to turn over automatic discovery within 20 days of arraignment if a defendant is in custody or within 35 days if not, and once the People certify compliance, a defendant has 30 days to fulfill reciprocal discovery obligations (*see* CPL 245.10; L 2020, ch 56, § 1, pt HHH, § 1).[1]

CPL 245.50 (1) creates a new compliance mechanism. It directs the People to file a certificate of compliance (COC) after they have "provided the discovery required by subdivision one of section 245.20," with several narrow exceptions. The COC "shall state

---

[1] These time periods may be stayed up to an additional 30 days when discoverable materials are exceptionally voluminous or when, despite diligent and good faith efforts, the materials are not otherwise in the People's actual possession (*see* CPL 245.10 [1] [a]).

that, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery" (CPL 245.50 [1]).  CPL 245.60 imposes a continuing duty to disclose, and when the People provide discovery after a COC has been filed, they must file a supplemental COC (*see* CPL 245.50 [1]).  Although CPL 245.50 (1) directs that "[n]o adverse consequence to the prosecution or the prosecutor shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances," it clarifies that a trial court may nonetheless grant discovery sanctions and remedies where provided in CPL 245.80.

A defendant likewise must provide mandatory disclosure, as described in CPL 245.20 (4); subsequently serve a COC certifying the exercise of due diligence and reasonable inquiry; and, pursuant to the continuing duty to disclose, serve any belated discovery and an accompanying supplemental COC (*see* CPL 245.50 [2]).  As with the People, if a defendant violates their discovery obligations, a CPL 245.80 remedy or sanction may be imposed against them (*see* CPL 245.50 [2]).

The legislature tethered the People's CPL article 245 discovery obligations to CPL 30.30's speedy trial requirements, through both the enactment of CPL 245.50 (3) and amendments to CPL 30.30 itself.  CPL 245.50 (3), titled "[t]rial readiness," states that "[n]otwithstanding the provisions of any other law" and "absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until it has filed a proper certificate pursuant to [CPL 245.50 (1)]."  CPL 30.30 (5),

which was added in the 2019 reforms, directs that the People must submit a COC attesting to good faith compliance with CPL 245.20's disclosure requirements before or at the time they provide notice that they are trial-ready (*see* CPL 30.30 [5]; L 2019, ch 59, § 1, pt KKK). At that point, "the court shall make inquiry on the record as to their actual readiness," and the defense shall be given "an opportunity to be heard on the record as to whether the disclosure requirements have been met" (*id.*). CPL 30.30 (1)'s instruction that the court must grant a defendant's motion to dismiss on speedy trial grounds if the prosecution is not ready within the applicable timeframe (here, 30 days) was in place prior to the 2019 changes and remains so (*see* CPL 30.30 [1] [d]).

In 2022, the legislature enacted additional amendments to CPL article 245 (*see* L 2022, ch 56, § 1, pt UU, subpt D). While not directly applicable to this case, we note them to give a full description of the statutory scheme. CPL 245.80 (2) was modified to direct that a court should only dismiss a charge as a sanction for a disclosure violation if it has considered all other remedies and concluded that dismissal "is appropriate and proportionate to the prejudice suffered by the party." CPL 245.50 was amended to require that parties must notify opposing parties of a COC deficiency or challenge the sufficiency of a COC as soon as practicable (*see* CPL 245.50 [4] [b], [c]). Finally, CPL 245.50 was amended to require that a supplemental COC detail the basis for a delayed disclosure so the court can assess the validity of the original COC, which is not impacted so long as it was filed in good faith and after exercising due diligence, or the delayed discovery did not exist when it was filed (*see* CPL 245.50 [1-a]).

It is against these provisions that we must assess a CPL 30.30 motion for speedy trial dismissal based on incomplete compliance with CPL article 245 discovery obligations.

## III.

The People contend that the propriety of a COC rests solely on good faith and reasonableness, and that the COC filed in this case cleared that bar. They argue that their failure to relay the belated discovery items before filing the COC was inadvertent, that the provision of supplemental discovery does not invalidate a prior COC, and that dismissal should be a "last resort" imposed only when no other measure can cure any prejudice caused by belated disclosure. In the People's view, there was no prejudice here, so the trial court properly imposed a sanction of preclusion pursuant to CPL 245.80, rather than dismissing the case on speedy trial grounds. We are unpersuaded by these contentions.

In resolving questions of statutory interpretation, our "primary consideration . . . is to 'ascertain and give effect to the intention of the Legislature' " (*People v Galindo*, 38 NY3d 199, 203 [2022] [internal quotation marks omitted], quoting *Riley v County of Broome*, 95 NY2d 455, 463 [2000]). We start with the plain language of the statute (*see People v Schneider*, 37 NY3d 187, 196 [2021], *cert denied* 142 S Ct 344 [2021]). "In the absence of a statutory definition, 'we construe words of ordinary import with their usual and commonly understood meaning, and in that connection have regarded dictionary definitions as useful guideposts in determining the meaning of a word or phrase' " (*Yaniveth R. v LTD Realty Co.*, 27 NY3d 186, 192 [2016], quoting *Rosner v Metropolitan Prop. & Liab. Ins. Co.*, 96 NY2d 475, 479-480 [2001]).

Under the terms of the statute, the key question in determining if a proper COC has been filed is whether the prosecution has "exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery" (CPL 245.50 [1]; *see also* CPL 245.20 [2] [the "prosecutor shall make a diligent, good faith effort to ascertain the existence of" discovery materials outside of their possession]; CPL 245.50 [3] [court may deem prosecution ready where mandatory discovery has been lost or destroyed "despite diligent and good faith efforts, reasonable under the circumstances"]). Although the statute nowhere defines "due diligence," it is a familiar and flexible standard that requires the People "to make reasonable efforts" to comply with statutory directives (*People v Bolden*, 81 NY2d 146, 155 [1993]; *see People v Luperon*, 85 NY2d 71, 80-81 [1995]). Black's Law Dictionary is in accord; it defines "due diligence" as "[t]he diligence reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation" (Black's Law Dictionary 573 [11th ed 2019]). Reasonableness, then, is the touchstone—a concept confirmed by the statutory directive to make "reasonable inquiries" (CPL 245.50 [1]).

An analysis of whether the People made reasonable efforts sufficient to satisfy CPL article 245 is fundamentally case-specific, as with any question of reasonableness, and will turn on the circumstances presented (*cf. People v Diaz*, 97 NY2d 109, 116 [2001]; *People v Budd*, 46 NY2d 930, 931-932 [1979]). There is no rule of "strict liability"; that is, the statute does not require or anticipate a "perfect prosecutor." On the other hand, the plain terms of the statute make clear that while good faith is required, it is not sufficient standing alone and cannot cure a lack of diligence (*see* CPL 245.20 [2]; CPL 245.50 [1], [3];

*Anderson*, 66 NY2d at 536 [statutory requirement of due diligence established that more than good faith was required]).  Although the relevant factors for assessing due diligence may vary from case to case, courts should generally consider, among other things, the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery.

Read together, CPL 245.50 and CPL 30.30 require that due diligence must be conducted prior to filing a COC (*see* CPL 245.50 [1] [detailing representations that must be included in a COC]; CPL 245.50 [3] [directing that "the prosecution shall not be deemed ready for trial for purposes of (CPL 30.30) . . . until it has filed a proper certificate pursuant to (CPL 245.50 [1])"]; CPL 30.30 [5] [directing that a COC must "accompan(y) or precede( )" the People's statement of trial readiness, that the court "shall" make inquiry on the record as to actual readiness, and, if the court concludes the People are not ready, the statement of readiness is not valid]).  Although belated disclosure will not necessarily establish a lack of due diligence or render an initial COC improper, post-filing disclosure and a supplemental COC cannot compensate for a failure to exercise diligence before the initial COC is filed.[2]

---

[2] We note that CPL 245.50 (1-a)—which was added to CPL article 245 during the pendency of this appeal and does not directly apply here—requires that "[a]ny supplemental [COC]

We underscore that the discovery provisions empower—and indeed, require—the trial court to facilitate compliance on the record with these new discovery obligations (*see* CPL 30.30 [5] [when the People state they are ready for trial, "the court shall make inquiry on the record as to their actual readiness"]; CPL 245.35 [affording trial courts broad discretion to impose "(c)ourt ordered procedures to facilitate compliance," such as "discovery compliance conference(s)"]; *see also* 245.50 [1-a]).  To this end, a trial court should analyze the People's readiness after they file a COC and statement of readiness, and it must ensure that inquiries from defense counsel regarding discovery obligations are meaningfully addressed and that a record is made of the People's efforts to secure and disclose any responsive discovery.  Those steps can be taken when an initial COC is filed and the People announce they are trial-ready, and in the event the court later learns that discovery was incomplete at the time of filing.  Especially in light of the 2022 addition of subdivisions (b) and (c) to CPL 245.50 (4), which require a party to notify the opposing party of a COC deficiency or challenge a COC as soon as practicable, any questions about whether due diligence was exercised in the discovery process should be evaluated as soon as possible.  We also note that nothing prevents the People from detailing their efforts to exercise due diligence within the COC itself.

Should a defendant bring a CPL 30.30 motion to dismiss on the ground that the People failed to exercise due diligence and therefore improperly filed a COC, the People

---

shall detail the basis for the delayed disclosure so that the court may determine whether the delayed disclosure impacts the propriety of the [original COC]" (CPL 245.50 [1-a]).

bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure (*see People v Santos*, 68 NY2d 859, 861 [1986], citing *People v Berkowitz*, 50 NY2d 333, 349 [1980]).  If the prosecution fails to make such a showing, the COC should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed.

Contrary to the People's contentions, a defendant need not demonstrate prejudice to obtain speedy trial dismissal based on a failure to timely comply with discovery obligations.  CPL 245.50 (3) and CPL 30.30 (5), taken together, plainly require that the People file a proper COC reflecting that they have complied with their disclosure obligations before they may be deemed ready for trial.  CPL 245.50 (3) mandates that "[n]otwithstanding the provisions of any other law, . . .  the prosecution shall not be deemed ready for trial for purposes of [CPL] 30.30 . . . until it has filed a proper certificate."  Likewise, CPL 30.30 (5) directs that "[a]ny statement of trial readiness must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of [CPL 245.20]."  These provisions thus condition trial readiness for purposes of CPL 30.30 on the filing of a proper COC, which is consistent with the legislative history of the disclosure reforms (*see* Senate Debate on 2019 NY Senate Bill S1509C, Mar. 31, 2019 at 2615).  The consequence of unreadiness after the CPL 30.30 period expires is dismissal (*see* CPL 30.30 [1]) and, as this Court has previously stated,

speedy trial dismissal pursuant to CPL 30.30 is not contingent on a finding of prejudice

(*see People v Hamilton*, 46 NY2d 932, 933-934 [1979]; *see also* CPL 30.30 [1]).[3]

The People's argument that the remedy here must satisfy CPL 245.80, and thus that

dismissal is appropriate only upon a showing of proportionate prejudice, misunderstands

the statutory scheme. As explained, CPL 30.30 now requires dismissal if the People did

not file a proper COC and the speedy trial period has run. That provision is not qualified

by CPL 245.80. On the other hand, if the court deems a COC proper (including in a case

where there was late disclosure but the court concludes the People exercised due diligence),

CPL 245.80 sets forth the available remedies for the belated disclosure. (Likewise if the

court determines the COC is not proper but the speedy trial clock has not yet expired.) The

statute instructs that where CPL 245.80 controls, the remedy must be "appropriate and

proportionate to the prejudice suffered by the party entitled to disclosure" (CPL 245.80 [1];

*see also* CPL 245.80 [2] [court may order dismissal only "after considering all other

remedies" and concluding "dismissal is appropriate and proportionate to the prejudice

suffered by the party entitled to disclosure, or make such other order as it deems just under

the circumstances"]).

---

[3] CPL 245.50 (1)'s mandate that "[n]o adverse consequence to the prosecution or the prosecutor shall result from the filing of a [COC] in good faith and reasonable under the circumstances" does not change the analysis. CPL 245.50 (1) requires that the People "exercis[e] due diligence and ma[ke] reasonable inquiries" prior to filing a COC, and CPL 245.50 (3) states that the People shall not be deemed trial ready until they have filed a proper COC pursuant to CPL 245.50 (1). The reference to "adverse consequence" does not alter the statutory standard for a proper COC or limit dismissals under CPL 30.30 (5) to instances of bad faith.

We note that speedy trial dismissals based on disclosure violations are not inevitable. In addition to exercising due diligence to ensure COCs are not later deemed improper, the People can request additional time for discovery upon a showing of good cause (*see* CPL 245.70 [2]), seek "an individualized finding of special circumstances" to be deemed ready despite the failure to file a "proper certificate" (CPL 245.50 [3]), or try to exclude from the speedy trial calculus "periods of delay occasioned by exceptional circumstances" (CPL 30.30 [4] [g]).

IV.

Applying these principles, we reverse County Court's order of affirmance. Due diligence is a mixed question of fact and law, and thus we consider whether the fact finder's conclusions are supported by the record (*see Luperon*, 85 NY2d at 78). Viewed under the proper legal standard, there is no record support for the conclusion of the courts below that prior to filing the initial COC, the People exercised due diligence and made reasonable inquiries to identify mandatory discovery items relating to this case.

The belated disclosure here consisted of routinely produced disclosure materials—the creation of at least one of which was mandated by law (*see* CPL 140.10 [5]). The absence of such significant items of disclosure was readily noticed by the defense, which then brought it to the attention of the People and the court. The prosecution had two opportunities to establish that they had exercised due diligence, but failed to do so. At the appearance on May 26th, in which defense counsel first called attention to the missing items, the prosecutor simply asserted that he had "checked" without any elaboration as to what efforts were made to verify whether there was any outstanding discovery or whether

the disclosure requested by the defense—which was in the possession of the People (*see* CPL 245.20 [2])—actually existed. The prosecutor speculated that such disclosure items did not exist and had not been created, and otherwise stated in a cursory fashion that all discovery had been turned over. When the parties appeared on July 6th following Bay's CPL 30.30 motion, the People again made no mention of any efforts taken to ascertain the existence of discovery materials before the COC was filed, nor did they explain why some discovery was initially missing or how it came into their possession.

Because the People did not establish that they exercised due diligence prior to filing the initial COC, the trial court should have determined that the COC was improper and accordingly stricken the statement of readiness as illusory. In the absence of a valid readiness statement tolling the speedy trial clock, the People do not dispute that they had exceeded the applicable 30-day period under CPL 30.30 (1) when Bay moved for dismissal. Thus, the defendant's motion should have been granted.

Accordingly, the County Court order should be reversed, defendant's CPL 30.30 motion granted, and the accusatory instrument dismissed.

Order reversed, defendant's CPL 30.30 motion granted and accusatory instrument dismissed. Opinion by Judge Halligan. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro and Troutman concur.

Decided December 14, 2023