People v Jamil (2024 NY Slip Op 51126(U))

[*1]

People v Jamil

2024 NY Slip Op 51126(U)

Decided on August 29, 2024

District Court Of Nassau County, First District

Montesano, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 29, 2024
District Court of Nassau County, First District

The People of the State of New York,

against
Adil Jamil, Defendant(s).

Index No. CR-024590-23/NA

Hon. Anne Donnelly, District Attorney
Scott A. Banks, Attorney-in-Chief, Legal Aid Society

Michael A. Montesano, J.

Defendant was originally charged with Driving While Intoxicated (Vehicle and Traffic Law ["VTL"]§1192.3); Speed Not Reasonable and Prudent (VTL§1180[a]); Moved from Lane Unsafely (VTL§1128[a]); Aggravated Unlicensed Operation in the First Degree (VTL§511.3[a]); Driving While Ability Impaired By Alcohol (VTL§1192.1); Disobeyed Traffic Control Device (VTL§1110[a]); Driving In Shoulder (VTL§1131); Aggravated Unlicensed Operation in the Third Degree (VTL§511.1[a]); Driving While Intoxicated (VTL§1192.3); Aggravated Unlicensed Operation in the Third Degree (VTL§511.1[a]) and two (2) counts of Criminal Possession of a Controlled Substance in the Seventh Degree (Penal Law §220.03), in connection with having allegedly operated a motor vehicle on December 17, 2023, at 4:08a.m., on the Northern State Parkway, in the Town of North Hempstead, Nassau County, New York.
On January 3, 2024, defendant was arraigned on the original charges. On that same date, the charge of Aggravated Unlicensed Operation in the First Degree (VTL§511.3[a]) was reduced to the charge of Aggravated Unlicensed Operation in the Second Degree (VTL§511.2) by short form order, pursuant to CPL 180.50, then it was dismissed, pursuant to CPL 170.40.
On May 2, 2024, the People filed a motion seeking dismissal of the charges for violations of VTL§1180(a), VTL§1128(a), VTL§1110(a), VTL§1131and two counts of Penal Law §220.03 (counts 2, 3, 6, 7, 11 and 12). By order and decision, dated May 16, 2024, the court granted the People's motion to dismiss these six counts, pursuant to CPL 170.40.
Based upon the foregoing, defendant is currently charged with two counts of Driving While Intoxicated (VTL§1192.3), two counts of Aggravated Unlicensed Operation in the Third Degree (VTL§511.1[a]) and one count of Driving While Ability Impaired By Alcohol (VTL§1192.1). Defendant is charged by way of simplified informations for all of the counts [*2]except the second charge of VTL§511.1(a) which is charged by way of an information.
In the instant motion, defendant moves to dismiss the charges, pursuant to CPL 170.30. 170.35, 100.15 and 100.40, because the accusatory instruments are facially insufficient and defective and because the accusatory instruments on the VTL §511.1(a) and 1192.3 charges are multiplicitous. Defendant also moves to dismiss the charges as the People failed to provide certain discovery, pursuant to CPL 245.20(1)( c), (1)(e), (1)(h) and (1)(p) and based upon a violation of defendant's right to a speedy trial, pursuant to CPL 30.30 and 30.30(5-a). In the alternative, defendant requests that an Ingle/Dunaway/Huntley/Mapp/Hinshaw/Wade/ Boyer/refusal hearing be conducted prior to trial. Defendant also requests that a Sandoval/Molineux/Venitimiglia hearing be conducted prior to trial. Defendant's motion is determined as follows.
Initially, the court will consider defendant's motion regarding facial sufficiency of the accusatory instruments. As previously stated, defendant is currently charged, by way of simplified informations, with two counts of VTL§1192.3, one count of VTL§511.1(a) and one count of VTL§1192.1. Defendant is also charged, by way of an information, with a second count of VTL§511.1(a).
A simplified information is sufficient on its face if it is substantially in the form required by the Commissioner of Motor Vehicles (see People v Nuccio, 78 NY2d 102 [1991]; CPL 100.25[1], 100.40[2]). However, when so charged, a defendant is entitled to request "a supporting deposition of the complainant police officer or public servant, containing allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense or offenses charged" (CPL 100.25[2]). If the request is timely, the court must order the complainant police officer to serve and file a supporting deposition within 30 days of such a request. The supporting deposition must be filed with the court, and served upon the defendant, or, if he is represented by any attorney, upon his attorney. Failure to timely serve and file a supporting deposition renders the simplified information for which it was demanded insufficient on its face (CPL 100.40[2]; see People v Nuccio, 78 NY2d at 104; People v Titus, 178 Misc 2d 687 [App Term, 2d Dept 1998]).
Where the People voluntarily provide a supporting deposition within the permissible time for the defendant to make a demand for same, such supporting deposition must comply with CPL 100.25(2), and must provide reasonable cause to believe that the defendant committed the offense or offenses charged (see People v Key, 45 NY2d 111 [1978]; People v Smith, 163 Misc 2d 353, 360 [Perinton Just Ct 1994]). A supporting deposition provided in connection with a simplified information can be based upon hearsay or non-hearsay so long as it establishes reasonable cause to believe that the defendant committed the charged offenses, as provided by CPL 100.20 and100.25(2) (see People v DeRojas, 180 Misc 2d 690 [App Term, 2d Dept 1999]). Section 70.10(2) of the CPL provides that:
'Reasonable cause to believe that a person has committed an offense' exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it. Except as otherwise provided in this [*3]chapter, such apparently reliable evidence may include or consist of hearsay."
An information is sufficient on its face when it (1) substantially conforms to the requirements of CPL 100.15; (2) sets forth allegations which "provide reasonable cause to believe that the defendant committed the offense charged;" and (3) contains non-hearsay allegations which "establish, if true, every element of the offense charged and the defendant's commission thereof" (CPL 100.40[1]; People v Alejandro, 70 NY2d 133 [1987]).
In determining a motion to dismiss, the court must view the facts in the light most favorable to the People (People v Vonancken, 27 Misc 3d 132[A] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]; People v Mellish, 4 Misc 3d 1013[A] [Crim Ct, NY County 2004]; People v Gibble, 2 Misc 3d 510 [Crim Ct, NY County 2003]). The allegations need only make out a prima facie case and need not establish the defendant's guilt beyond a reasonable doubt (People v Henderson, 92 NY2d 677 [1999]).
In the instant motion, defense counsel relies upon a line of lower court cases to argue that in determining the facial sufficiency of a simplified information, the standard for informations must be applied, in that it must contain non-hearsay allegations. However, this court declines to follow this line of cases, as CPL 100.25(2) clearly states that the factual allegations contained in a simplified information may be "based upon either upon personal knowledge or upon information and belief." This section clearly does not require non-hearsay allegations but only that such allegations provide "reasonable cause to believe that the defendant committed the offense or offenses charged."
Defense counsel also argues that the factual allegations contained in the accusatory instruments fail to establish that the defendant was observed operating the motor vehicle on the night in question. However, "[i]t is well settled that there is no requirement that a defendant be observed operating a motor vehicle; rather, operation can be established by circumstantial evidence (see People v Cardillo, 64 Misc 3d 25, 26-27 [App Term, 2d Dept, 9th & 10th Jud Dists 2019])."(People v Pilatasig, 70 Misc 3d 140[A][App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]).
Upon a review of the accusatory instruments, the court finds that the simplified informations, in which defendant is charged with violating VTL§1192.1 and VTL§1192.3 (at 12:44a.m.), provide reasonable cause to believe that defendant committed the offenses charged therein. As such, defendant's motion to dismiss these accusatory instruments (counts 5 and 9) is denied.
The court further finds that the simplified informations, in which defendant is charged with violating VTL§1192.3 (at 4:08a.m.) and VTL§511.1(a), fail to provide reasonable cause to believe that defendant committed the offenses charged therein. The court also finds that the information in which defendant is charged with violating VTL§511.1(a) fails to set forth a prima facie case that defendant committed this offense. As such, defendant's motion to dismiss these accusatory instruments (counts 1, 8 and 10) is granted.
Defendant also moves to dismiss the remaining charges, pursuant to CPL 30.30 and 30.30(5-a), because the People's certificate of readiness/statement of readiness (hereinafter "COR"), filed on May 17, 2024, was invalid and illusory as it contained charges which were insufficient. CPL 30.30(5-a) provides that "[u]pon a local criminal court accusatory instrument, a [*4]statement of readiness shall not be valid unless the prosecuting attorney certifies that all counts charged in the accusatory instrument meet the requirements of sections 100.15 and 100.40 of this chapter and those counts not meeting the requirements of sections 100.15 and 100.40 of this chapter have been dismissed."
However, in People v Loonam, 79 Misc 3d 128(A) (App Term, 2d Dept, 9th & 10th Jud Dists 2023), the Court found that "[w]here, as here, a defendant is charged in multiple local criminal court accusatory instruments, the fact that one accusatory instrument is later deemed to be facially insufficient does not render the People's prior CPL 30.30 (5-a) statement invalid with respect to any remaining facially sufficient accusatory instruments to which it refers (see People v Ventura, 75 Misc 3d 1218[A], 2022 NY Slip Op 50541[U] [Suffolk Dist Ct 2022])." (see also People v Williams, 83 Misc 3d 21 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]; People v Robinson, 83 Misc 3d 129[A][App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]). As such, defendant's motion to dismiss the remaining charges upon this ground is denied.
Defendant also argues that the certificate of compliance (hereinafter "COC") and COR should be deemed invalid and illusory based upon the People's failure to provide certain discovery, pursuant to CPL 245.20. Specifically, defense counsel argues that the People failed to provide discovery, pursuant to CPL 245.20(1)( c), (e), (h), (p) and (q).
CPL 245.20(1) requires the prosecutor to disclose "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control." The statute then enumerates a non-exhaustive list of materials subject to disclosure (see People v Lewis, 72 Misc 3d 686 [Crim Ct, Kings County 2021]).
After the People have complied with their obligation to provide discovery, CPL 245.50(1) requires that the prosecutor: 
"shall serve upon the defendant and file with the court a certificate of compliance. The certificate of compliance shall state that, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery. It shall also identify the items provided. If additional discovery is subsequently provided prior to trial pursuant to section 245.60 of this article, a supplemental certificate shall be served upon the defendant and filed with the court identifying the additional material and information provided. No adverse consequence to the prosecution or the prosecutor shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in section 245.80 of this article."
In People v Bay, 41 NY3d 200 (2023), the Court of Appeals addressed due diligence and good faith finding that:
"An analysis of whether the People made reasonable efforts sufficient to satisfy CPL article 245 is fundamentally case-specific, as with any question of reasonableness, and will turn on the circumstances presented (cf. People v. Diaz, 97 NY2d 109, 116, 735 [*5]N.Y.S.2d 885, 761 N.E.2d 577 [2001]; People v. Budd, 46 NY2d 930, 931—932, 415 N.Y.S.2d 207, 388 N.E.2d 343 [1979]). There is no rule of 'strict liability'; that is, the statute does not require or anticipate a 'perfect prosecutor.' On the other hand, the plain terms of the statute make clear that while good faith is required, it is not sufficient standing alone and cannot cure a lack of diligence (see CPL 245.20[2]; CPL 245.50[1], [3]; Anderson, 66 NY2d at 536, 498 N.Y.S.2d 119, 488 N.E.2d 1231 [statutory requirement of due diligence established that more than good faith was required]). Although the relevant factors for assessing due diligence may vary from case to case, courts should generally consider, among other things, the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery."
In the instant matter, the People filed the COC on April 9, 2024 and the COR on May 17, 2024. In her affirmation, defense counsel alleges that after receiving the statement of readiness (COR) in the mail on May 23, 2024, she sent an initial email to ADA Constantine Nanis on June 7, 2024 as required by CPL 245.50(4)(b). A copy of this email is attached as Exhibit "G."
In the email, defense counsel listed specific missing discovery which included: a copy of the desk appearance ticket (although one was already provided to the defendant); the contact information for Mauricio Rincon, Nicole Echeverria and the tow operator; the blotter and blotter command log; a Vin Inquiry; Trooper Stone's handwritten notes; a side profile shot of the arrest photo (only a front profile arrest shot was provided); a fingerprint confirmation and a copy of the accident report. Defense counsel further states that the assigned ADA has not responded to the June 7, 2024 email and no additional discovery items have been disclosed to defense counsel. 
In opposition, the People state that they provided defense counsel with the name and contact information for Mauricio Rincon. The People state that Mr. Rincon's address was provided in the supporting deposition. The People also state that they provided the contact information for the tow operator as it was provided in the paperwork from the tow company which was provided prior to the filing of the COC and COR. The People also state that they did not provide any contact information for Nicole Echeverria as she is not listed as a potential witness. The People further state that they have provided a copy of the desk appearance ticket in discovery and that he was given a copy of the desk appearance ticket on the day of the incident.
In regard to the blotter and blotter log, the Vin Inquiry, the fingerprint confirmation, the accident report and Trooper Stone's handwritten notes, the People state that prior to the June 7, 2024 email, they used Premier One, a software program that contains materials generated by law enforcement personnel, to search and determine if any of these materials were generated from the night of the subject incident. The People state that upon such search none of the aforementioned materials were generated for this case. The People also state that, upon receiving the June 7, 2024 email, they made a further inquiry which confirmed their initial determination that none of these materials were generated by the troopers. In regard to the request for a side profile shot of the arrest photo, the People state that it was not provided in discovery because the troopers do [*6]not take side profile arrest shots.
Based upon the foregoing, the People have shown that they exercised due diligence when they filed and served their COC on May 17, 2024. As such, defendant's motion to deem the People's COC and COR invalid and illusory is denied. However, the People are directed to provide defense counsel with the name and contact information for the tow operator as well as Nicole Echeverria within 20 days from the date of this decision.
Defendant also moves to dismiss the charges, pursuant to CPL 170.30(1)(e), based upon the People's failure to announce ready for trial in a timely manner. According to CPL 30.30(1)(b), a motion made pursuant to CPL 170.30(1)(e) "must be granted where the people are not ready for trial within "ninety days of the commencement of a criminal action wherein," as here, "a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony." As such, in the instant matter, the People were required to declare readiness within 90 days of the commencement of the act
In moving to dismiss the charge on speedy trial grounds, it is defendant's burden to prove the existence of various delays after the commencement of the case, which have resulted in the People exceeding the maximum time permitted under the statute to declare readiness (People v O'Neal, 99 AD2d 844 [2d Dept 1984]). Once a defendant has shown a delay greater than the applicable speedy trial period, the burden of proving that certain periods within that time should be excluded falls on the People. As such, all periods of delay from the commencement of the action until the filing of the certificate of compliance and statement of readiness will be chargeable to the People unless an exclusion under CPL 30.30(4) applies (see generally People v Erby, 68 Misc 3d 625 [Sup Ct, Bronx County 2020]; People v Cada, 69 Misc 3d 882 [Crim Ct, Queens County 2020]). Moreover, when the prosecution is responding to an alleged violation of CPL 30.30, it is their obligation to set forth with specificity and "conclusive proof," all times that they believe are excludable (People v Berkowitz, 50 NY2d 333, 349 [1980]).
In the instant motion, defense counsel argues that because the COC and COR were invalid and illusory, the People have exceeded their time in which to announce ready for trial. However, as set forth above, defendant's motion to deem the People's COC and COR invalid and illusory was denied.
Defense counsel also argues that, although a motion schedule was set by the court on April 9, 2024, the time after this date was chargeable to the People because they filed the motion on the 90th day, April 9, 2024. However, based upon the facts and circumstances herein, the court finds that the time after April 9, 2024 is excludable as motion practice, pursuant to CPL 30.30(4)(a). As such, the People have not exceeded their time in which to announce ready for trial and defendant's motion to dismiss, pursuant to CPL 30.30, is denied.
Defendant's suppression motion is granted to the extent that a pre-trial Ingle/Dunaway/Huntley/Mapp/Hinshaw/Wade/ Boyer/refusal hearing will be conducted prior to trial. A Sandoval hearing will be conducted immediately prior to trial. Defendant's request for a Molineux/Ventimiglia hearing is presently denied, in the absence of notice by the People of their intent to offer such evidence on their direct case at trial.
Defendant's attempt to reserve the right to make additional motions is denied (see CPL 255.20 [2] and [3]).
Defendant's motion is denied in all other respects.
So Ordered.
Michael A. Montesano
DISTRICT COURT JUDGE
Dated: August 29, 2024