| People v Pittman |
|:---:|
| 2026 NY Slip Op 30921(U) |
| March 18, 2026 |
| Criminal Court of the City of New York, New York County |
| Docket Number: Docket No. CR-015262-24NY |
| Judge: Terence W. McCormick |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK  :   PART B

---

THE PEOPLE OF THE STATE OF NEW YORK,

- against -

ANTHONY PITTMAN,

Defendant.

DECISION AND ORDER

Docket Number

CR-015262-24NY

---

TERENCE W. McCORMICK, J:

Defendant stands charged with PL § 110/155.30(1) (Attempted Grand Larceny in the Fourth Degree), PL § 155.25 (Petit Larceny), PL § 165.40 (Criminal Possession of Stolen Property in the Fifth Degree), PL § 240.30(1)(a) (Aggravated Harassment in the Second Degree), and AC § 26-521(a)(3) (Unlawful Eviction). He moves this Court to invalidate the People's December 10, 2025, Certificate of Compliance ("COC") and for an order dismissing the accusatory instrument pursuant to CPL § 30.30.

The People oppose Defendant's motion and argue that the COC was valid because they filed it in good faith upon the exercise of due diligence. For the reasons set forth below, Defendant's motion is GRANTED.

## BACKGROUND

The criminal action in this case commenced on May 24, 2024, with the filing of the criminal court complaint, and Defendant was arraigned on the same day. On July 15, 2024, Defendant did not appear in court, and a bench warrant was stayed until July 18, 2024. When Defendant failed to appear on July 18, 2024, a bench warrant was ordered. Defendant did not return to court until November 12, 2025. On December 10, 2025, the People filed and served their COC and related documents and stated that they were ready for trial. On December 17, 2025, the People served

their papers on new defense counsel after being notified that the prior counsel was no longer attached to the case. On January 2, 2026, after reviewing the discovery, defense counsel notified the People that the receipt and serial number for the allegedly stolen PlayStation 5 ("PS5") complaint paperwork and possible body-worn camera ("BWC") footage for when the unlawful eviction report was made and police disciplinary records were all missing. On January 8, 2026, there was another adjournment until February 20, 2026.

On January 21, 2026, Defendant filed a motion off calendar challenging the validity of the People's COC, asking the Court to dismiss the People's accusatory instrument, and to dismiss the one count of aggravated harassment on the accusatory instrument for a lack of facial sufficiency. On January 28, 2026, the People served additional discovery and filed a Supplemental COC. On February 20, 2026, Defendant had another court appearance and there was no disposition. The People filed a response to Defendant's motion on March 4, 2026.

## DISCUSSION

### I.    Validity of the People's COC

Defendant argues that the People's December 17, 2025, COC is invalid, due to various discovery items that were missing at the time the COC was filed, thus rendering their Statement of Readiness illusory. One such discovery item was the police report made by the complainant on April 29, 2024, alleging the unlawful eviction. The People neither make any arguments referencing the police report nor do they explain why it took so long for them to obtain it. Instead, the People simply note that they shared it with Defendant on January 28, 2026, at which point they filed a Supplemental COC.

Pursuant to CPL § 245.20, the People are required to make a diligent, good faith effort to ascertain the existence of discoverable material. Under the statute, all items and information related

2

to the prosecution of a charge in the possession of the NYPD are deemed to be in the possession of the prosecution. *See* CPL § 245.20(2). The law also ties the People's compliance with their discovery obligations to the calculation of speedy trial time pursuant to CPL § 30.30. The People are required to file a COC to certify compliance with their discovery obligations, which must affirm that "after exercising due diligence and making reasonable inquiries and efforts to ascertain the existence of, obtain, and disclose material and information subject to discovery, the prosecution has disclosed and made available all known material and information subject to discovery." CPL § 245.50(1). Moreover, the People's certificate must include a list of the discovery materials provided. *Id.* The filing of the COC is a prerequisite to the People's trial readiness, and the People "shall not be deemed ready for trial" for the purposes of CPL § 30.30 until the People have "filed a proper certificate." CPL § 245.50(3). Therefore, an order invalidating a COC necessarily amounts to a determination that the People's SOR is illusory. *See People v. Rodriguez*, 73 Misc.3d 411 (Sup. Ct. Queens Cnty. 2021) *citing People v. Barnett*, 68 Misc.3d 1000, 1002 (Sup. Ct. N.Y. Cnty. 2020).

Based upon Defendant's motion, it appears the People were made aware of the missing police paperwork on January 2, 2026, by a conferral email from defense counsel.[1] Notably, the People were aware of the existence of such a report in so far as they were in the People's own witness interview notes. (Defendant Exhibit 1 at 34.) Further conferral between the two parties showed that the People made attempts to obtain this police report but were only able to obtain and share it on January 28, 2026. (Defendant Exhibit 2 at 40; People's Response at ¶ 6.) The question is whether the failure to disclose this police report shows a lack of good faith and due diligence worthy of invalidating the People's COC.

---

[1] The People's submission in opposition to the motion does not shed light on this point.

3

'Due diligence' is not defined in the statute and is a "flexible standard that requires the People 'to make reasonable efforts' to comply with statutory directives." *See People v. Bay*, 41 N.Y.3d 200, 211 (2023). The analysis to determine the People's "reasonableness" is "fundamentally case-specific" and "will turn on the circumstances presented." *See id. citing People v. Diaz*, 97 N.Y.2d 109, 116 (2001); *People v. Budd*, 46 N.Y.2d 930, 931-932 (1979). The statute does not expect or require a "perfect prosecutor," and courts should consider the People's efforts to comply, the volume of discovery produced and still outstanding, the complexity of the case, how obvious the missing material would likely have been to a prosecutor exercising due diligence, the explanation for the discovery lapse, and the People's response when apprised of the missing discovery." *See Bay*, 41 N.Y.3d at 212. Once a CPL § 30.30 motion to dismiss is brought by a defendant on the grounds that the People failed to exercise due diligence and that their COC is invalid, the People bear the burden of establishing that they did, in fact, exercise due diligence. *Bay*, 41 N.Y.3d at 213. *See also People v. Santos*, 68 N.Y.2d 859, 861 (1986). Failure to make such a showing necessitates the invalidation of the COC, rendering the SOR illusory. *Bay*, 41 N.Y.3d at 213. Due diligence is a mixed question of fact and law and must be decided on a case-by-case basis. *Id.*

The police report at issue was related to the unlawful eviction charge on the accusatory instrument. This charge was an issue of the case. Even though the People knew of its existence, especially after having met with the complainant and taking note of its existence, nothing was done to obtain it before filing their COC. It was not until after defense counsel reviewed the People's discovery that the People attempted to obtain the police report. Even though a "perfect prosecutor" is not expected, the sharing of a police report that directly applies to one of the charges on the accusatory instrument is a prerequisite to representing that the People are ready for trial. *See Bay*,

4

41 N.Y.3d at 215. Therefore, this Court agrees with Defendant and finds the People's December 10, 2025, COC to be invalid and their Statement of Readiness to be illusory.

## II. Speedy Trial Calculation

The Defendant is accused of a misdemeanor offense punishable by a sentence of imprisonment of more than three months. Accordingly, the People must be ready for trial within 90 days of the commencement of the criminal action, less any excludable time. *See* CPL § 30.30 (1)(b) and (4).

The Court finds the People to be charged a total of 122 days based upon the following:

### A. May 24, 2024 to July 15, 2024:

The criminal court complaint was filed on September 1, 2024, and the defendant was arraigned the same day. The case was adjourned to October 16th for trial. This time is includable, and the People are charged **52 days**.[2]

### B. July 15, 2024 to November 12, 2024:

On July 15, 2024, the People were not ready, but Defendant failed to appear in court and a bench warrant was stayed until July 18, 2024. Defendant failed to appear on July 18, 2024 and a bench warrant was ordered. Defendant did not appear in court again until November 12, 2024. This time is excludable, and the People are charged **0 days**.

### C. November 12, 2024 to January 21, 2026:

On December 10, 2025, the People filed their COC. This Court has found that COC to be invalid. On January 21, 2026, Defendant filed a motion, stopping the speedy trial clock. Therefore, this entire period is includable, and the People are charged **70 days**.

---

[2] The date on which the action commenced is excluded from the time calculation. *People v. Stiles*, 70 NY2d 765, 767 (1987).

Thus, between Defendant's return to court and the filing of Defendant's motion, the People are charged a total of **122 days**.

## CONCLUSION

The court finds that there are at least 122 days charged to the People as of January 21, 2026. Since more than 90 days are charged, the Defendant's motion to dismiss the information pursuant to CPL § 30.30(1)(b) is GRANTED. Thus, the Court does not need to reach that part of the motion that concerns facial sufficiency and all other outstanding arguments are moot.

The foregoing constitutes the opinion, decision, and order of the court.

Dated: March 18, 2026
New York, New York

E N T E R:

*Terence W. McCormick*

Terence W. McCormick, J.C.C.

6